UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAYMOND RADFORD, <br><br> Plaintiff, <br><br> v. <br><br> J. SMILEY, GANN, SHARESE CORLEY, T. NASH, McCEADER, ISHMEL GIBSON, RUIZ, BRYAN HOGAN, STEVEN BURKE, THOMAS, and SABLACK, <br><br> Defendants. | CAUSE NO. 3:24-CV-804-JTM-JEM |

OPINION AND ORDER

Laymond Radford, a prisoner without a lawyer, filed a fourth amended complaint. (DE # 17.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint is vague. It alleges Lt. Sablack, Tiesha Nash, and Sgt. McCleader did not get him medical care, but it does not say when or why they knew Radford needed medical care. It does not say what, if anything, they did do. The complaint alleges Warden Smiley did not follow administrative remedies and that Warden Gann did not intervene regarding administrative remedies, but it does not say what remedies, how they were not followed, when, or how Warden Gann could have intervened. These vague allegations do not state a claim for which relief can be granted.

The five-paragraph complaint also makes no mention of six other named defendants. It simply names an unknown group of defendants which are described as "Medical Staff" without making any allegations about why he has a claim against them. The "Medical Staff" defendant will be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the

door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

If Radford believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a Fifth Amended Complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "FIFTH AMENDED" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DISMISSES Medical Staff;

(2) GRANTS Laymond Radford until **May 30, 2025**, to file an amended complaint; and

(3) CAUTIONS Laymond Radford if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: April 25, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

3